Eugene P. Ramirez (State Bar No. 134865)
  *epr@manningllp.com*
Angela M. Powell (State Bar No. 191876)
  *amp@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants COUNTY OF
VENTURA, DISTRICT ATTORNEY
GREGORY TOTTEN, KAREN WOLD,
JEFF BARRY, PAUL KRUEGER, RYAN
HAMLIN, JOEY DE LOS REYES,
ROBERT MACINNES, AND CHRIS
BORKOVEC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DEAN POE, DANA POE, KYLE POE, KARLEE POE, KODY POE, NOAH MARTINEZ, and DAVID WIRSING,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF VENTURA, a local public entity; DISTRICT ATTORNEY GREGORY D. TOTTEN; DEPUTY DISTRICT ATTORNEY CHRIS HARMAN; DEPUTY DISTRICT ATTORNEY KAREN WOLD; DISTRICT ATTORNEY INVESTIGATOR JEFF BARRY; SHERIFF GEOFF DEAN; PAUL KRUEGER; RYAN HAMLIN; JOEY DE LOS REYES; ROBERT MACINNES; and CHRIS BORKOVEC in their individual and official capacities; and DOES 1-10, in their individual and official capacities,<br><br>　　　　Defendants. | Case No. 16 cv 06083 RGK (SK)<br><br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT DDA KAREN WOLD TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br>**[FED.R.CIV.P. 12(b)(1) and (6)]**<br><br>DATE:　　February 6, 2017<br>TIME:　　9:00 a.m.<br>CTRM:　　850 (8th Floor)<br><br>Trial Date:　　　　not set |

1

1    TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF

2  RECORD:

3    NOTICE IS HEREBY GIVEN that on the 6th day of February, 2017, at

4  9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom "850" of

5  the above-captioned Court, located at 255 East Temple Street, Los Angeles,

6  California 90012, defendant DEPUTY DISTRICT ATTORNEY KAREN WOLD

7  ("DDA Wold") will move this Court for the following orders:

8    1.    For an order dismissing plaintiffs' First Cause of Action for Violation

9  of 42 U.S.C. §1983 (Unreasonable Searches- Fourth and Fourteenth Amendments)

10  as against defendant DDA Wold, for failure to state a claim upon which relief can be

11  granted.

12    2.    For an order dismissing plaintiffs' Second Cause of Action for

13  Violation of California Civil Code §52.1 (Unreasonable Searches- California

14  Constitution Art. I, §§1, 7 and 13) as against defendant DDA Wold, for failure to

15  state a claim upon which relief can be granted.

16    3.    For an order dismissing plaintiffs' Third Cause of Action for Violation

17  of 42 U.S.C. §1983 (Excessive Force, Unreasonable Seizures- Fourth and

18  Fourteenth Amendments) as against defendant DDA Wold, for failure to state a

19  claim upon which relief can be granted.

20    4.    For an order dismissing plaintiffs' Fourth Cause of Action for Violation

21  of California Civil Code §52.1 (Excessive Force, Unreasonable Seizures- California

22  Constitution Art. I, §§1, 7 and 13) as against defendant DDA Wold, for failure to

23  state a claim upon which relief can be granted.

24    5.    For an order dismissing plaintiffs' Fifth Cause of Action for Violation

25  of 42 U.S.C. §1983 (Retaliation- First Amendment) as against defendant DDA

26  Wold, for failure to state a claim upon which relief can be granted;

27    6.    For an order dismissing plaintiffs' Sixth Cause of Action for Violation

28  of California Civil Code §52.1 (Art. 1, §2 of the California Constitution-

2

Retaliation) as against defendant DDA Wold, for failure to state a claim upon which relief can be granted;

7.     For an order dismissing plaintiffs' Seventh Cause of Action for Violation of 42 U.S.C. §1983 (Political Discrimination- First Amendment) as against defendant DDA Wold, for failure to state a claim upon which relief can be granted;

8.     For an order dismissing plaintiffs' Eighth Cause of Action for Violation of California Civil Code §52.1 (Bane Act) and §51.7(a) (Ralph Act) (Political Discrimination- Art. 1, sec. 2 of the California Constitution) as against defendant DDA Wold, for failure to state a claim upon which relief can be granted;

9.     For an order dismissing plaintiffs' Eleventh Cause of Action for Assault as against defendant DDA Wold, for failure to state a claim upon which relief can be granted;

10.     For an order dismissing plaintiffs' Twelfth Cause of Action for Intentional Infliction of Emotional Distress as against defendant DDA Wold, for failure to state a claim upon which relief can be granted;

11.     For an order dismissing plaintiffs' Thirteenth Cause of Action for Negligent Infliction of Emotional Distress as against defendant DDA Wold, for failure to state a claim upon which relief can be granted.

12.     For an order dismissing plaintiffs' Fourteenth Cause of Action for False Imprisonment as against defendant DDA Wold, for failure to state a claim upon which relief can be granted.

This motion is made pursuant to Fed.R.Civ.P. Rule 12(b)(6), and is based on this notice of motion, the attached memorandum of points and authorities, the papers and records on file in this action, and upon such additional documents as are properly before this Court at the time of the hearing on this motion.

///

///

1    This motion is made following the conference of counsel pursuant to C.D.

2    Cal. Local Rule 7-3 which took place on December 15 and 16, 2016.

3

4    DATED:  December 19, 2016          **MANNING & KASS**

5                                       **ELLROD, RAMIREZ, TRESTER LLP**

6

7                                       By:      s/Angela M. Powell

8                                                Eugene P. Ramirez
                                                 Angela M. Powell

9                                                Attorneys for Defendants COUNTY OF

10                                               VENTURA, DISTRICT ATTORNEY
                                                 GREGORY TOTTEN, KAREN WOLD,

11                                               JEFF BARRY, PAUL KRUEGER, RYAN

12                                               HAMLIN, JOEY DE LOS REYES,
                                                 ROBERT MACINNES, AND CHRIS

13                                               BORKOVEC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# **TABLE OF CONTENTS**

**Page**

1. INTRODUCTION ...................................................................................... 1

2. SUMMARY OF THE ALLEGATIONS OF PLAINTIFFS' COMPLAINT .......................................................................................... 1

    A. The Parties ..................................................................................... 2

    B. The Incident ................................................................................... 2

    C. Allegations Against Defendant DDA Wold .................................. 3

3. THE COURT SHOULD GRANT DEFENDANT DDA WOLD'S MOTION TO DISMISS PLAINTIFFS' FIRST, THIRD, FIFTH AND SEVENTH CAUSES OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 .......................................................................................... 4

    A. DDA Wold Has Absolute Prosecutorial Immunity As To Plaintiffs' Claims Under 42 U.S.C. §1983 .................................... 4

        1. Function Test ....................................................................... 5

        2. Absolute Immunity Extends To A Prosecutor's Decision To Withhold Evidence ........................................................ 6

        3. Malice And Conspiracy ...................................................... 6

    B. As An Agent Acting For The State, DDA Wold Also Has Sovereign Immunity Under The Eleventh Amendment As Against Plaintiffs' Federal Causes Of Action ................................ 7

    C. Even Assuming Arguendo That DDA Wold Was Acting As An Agent For County, The Federal Causes Of Action Against Her Should Be Dismissed As Improper And Redundant ...................... 8

4. THE COURT SHOULD GRANT DEFENDANT DDA WOLD'S MOTION TO DISMISS ALL OF PLAINTIFFS' STATE LAW CLAIMS AGAINST HER ......................................................................... 10

    A. Common Law Judicial Immunity Extends To Prosecutors ................. 10

    B. Common Law Judicial And Quasi-Judicial Immunity Is Unaffected By The California Government Claims Act ..................... 11

    C. Common Law Judicial And Quasi-Judicial Immunity Is Unaffected By The Presence Of Malice .............................................. 12

    D. Common Law Quasi-Judicial Immunity Precludes All Of Plaintiffs' State Causes Of Action Against DDA Wold....................... 13

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5.    THE COURT SHOULD FURTHER GRANT DEFENDANT DDA
      WOLD'S MOTION TO DISMISS PLAINTIFFS' CLAIMS THAT
      ARE BASED ON CONCLUSORY ALLEGATIONS OF
      DIRECTION, AUTHORIZATION, AND RATIFICATION......................... 14

6.    CONCLUSION ............................................................................ 16

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

# TABLE OF AUTHORITIES

**Page**

## CASES

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) ............ 14

Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) .............................................. 4, 5, 7

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................................................................................. 14

Bocanegra v. Jakubowski, 241 Cal.App.4th 848 (2015) ......................... 10, 11, 12, 13

Brady v. Maryland, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963) ............... 6

Broam v. Bogan, 320 F.3d 1023 (9th Cir. 2003) ...................................................... 5, 6

Butler v. Elle, 281 F.3d 1014 (9th Cir. 2002) .............................................................. 9

Falls v. Superior Court, 42 Cal. App. 4th 1031 (1996) ............................................. 13

Gil v. Office of the DA, 2014 U.S. Dist. LEXIS 3392 (E.D. Cal. Jan. 10, 2014) ...................................................................................................... 4, 5, 6

Hafer v. Melo, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ..................... 8

Hillblom v. County of Fresno, 539 F. Supp. 2d 1192 (E.D. Cal. 2008) .................... 9

Howard v. Drapkin, 222 Cal.App.3d 843 (1990) ................................................ 11, 13

Imbler v. Pachtman, 424 U.S. 409, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976) ......... 4, 10

Ismail v. County of Orange, 917 F. Supp. 2d 1060 (C.D. Cal. 2012) ................... 5, 6

Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ..... 8, 9

Luke v. Abbott, 954 F. Supp. 202 (C.D. Cal. 1997) ................................................... 9

Norton v. Hoffmann, 34 Cal.App.2d 189 (1939) ..................................................... 10

Papasan v. Allain, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ........... 14

Pearson v. Reed, 6 Cal. App. 2d 277 (1935) ...................................................... 10, 12

Pitts v. County of Kern, 17 Cal. 4th 340 (1998) ........................................................ 8

Rodriguez v. Berryhill, 2014 U.S. Dist. LEXIS 15149 (N.D. Cal. Feb. 4, 2014) .................................................................................................................. 6

Stevens v. Rifkin, 608 F. Supp. 710 (N.D. Cal. 1984) ............................................... 5

iii

Stoll v. County of Kern, 2007 U.S. Dist. LEXIS 74888 (E.D. Cal. Sept. 24, 2007).............................................................................................7, 8

Stoll v. County of Kern, 2008 U.S. Dist. LEXIS 86535 (E.D. Cal. Sept. 5, 2008).............................................................................................8

Vance v. County of Santa Clara, 928 F. Supp. 993 (N.D. Cal. 1996).........................9

Weiner v. San Diego County, 210 F.3d 1025 (9th Cir. 2000)....................................7

White v. Brinkman, 23 Cal.App.2d 307 (1937) ................................................11, 12

White v. Towers, 37 Cal.2d 727 (1951) .................................................................11

Wilson v. Sharp, 42 Cal.2d 675 (1954) .................................................................10

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **1.   INTRODUCTION**

By this motion, defendant Deputy District Attorney Karen Wold ("DDA Wold") requests that this Court dismiss all of plaintiffs' claims asserted against her in their first amended complaint.

As to plaintiffs' federal claims against her for violation of 42 U.S.C. §1983, DDA Wold has prosecutorial immunity as to plaintiffs' allegations that in retaliation for certain SCWW employees asserting their Fifth Amendment rights, she undertook a strategy of intentionally concealing and withholding evidence for months after repeated discovery requests in the criminal case against SCWW plaintiffs Dean Poe and Robert Wirsing.  Further, as DDA Wold was acting in her capacity as an agent for the state while prosecuting the criminal case against SCWW and plaintiffs Dean Poe and Robert Wirsing, she also has immunity under the Eleventh Amendment.  And even assuming arguendo that DDA Wold was acting as an agent for the County during the prosecution of the criminal case against SCWW and plaintiffs Dean Poe and Robert Wirsing, plaintiffs' claims against her in her official capacity are duplicative and redundant of plaintiffs' claims against the County of Ventura in this action.

DDA Wold also has prosecutorial immunity as to all of plaintiffs' state law claims in this action which arise from her prosecution of the criminal case against SCWW and plaintiffs Dean Poe and Robert Wirsing.

Finally, plaintiffs have pled no factual allegations that plausibly support plaintiffs' conclusory allegations that DDA Wold directed, authorized, or ratified the alleged misconduct of the other defendants.

### **2.   SUMMARY OF THE ALLEGATIONS OF PLAINTIFFS' COMPLAINT**

In their first amended complaint for declaratory relief, injunctive relief, and

1

damages, filed on November 8, 2016 [Doc. 35], plaintiffs essentially allege as follows:

### A. The Parties

Plaintiff DEAN POE and DAVID WIRSING ("WIRSING") were employees of the Southern California Waste Water, formerly known as Santa Clara Waste Water ("SCWW"), a wholly owned subsidiary of Green Compass Environmental Solutions, Inc. ("Green Compass"). [¶2][1]. Plaintiff DEAN POE was the Vice President, Oil & Gas Sales, for Green Compass, the corporate parent of SCWW [¶¶18, 44], and WIRSING was the Transportation Manager for Green Compass, the corporate parent of SCWW. [¶¶24, 44].

Defendants include the COUNTY OF VENTURA [¶25], and County employees [¶37] District Attorney GREGORY TOTTEN [¶26], Deputy District Attorney KAREN WOLD [¶28], District Attorney Investigator JEFF BARRY [¶29], District Attorney Investigator PAUL KREUGER [¶31], District Attorney Investigator RYAN HAMLIN [¶32], District Attorney Investigator JOEY DE LOS REYES [¶33], District Attorney Investigator ROBERT MACINNES [¶34], and District Attorney Investigator CHRIS BORKOVEC [¶35].

### B. The Incident

An explosion and chemical spill occurred at the SCWW Facility in Ventura County on November 18, 2014 ("the incident"). [¶¶42, 43]. The Ventura County Fire Department and the Sheriff's Office responded. [¶43]. Certain individuals were injured, including at least two firefighters who were injured when they walked onto the chemical spill and the chemicals caused their boots to ignite. [¶43].

After the accident WIRSING either told defendant BARRY that he believed that the responding firefighters were injured in part because they violated safety

---

[1] All subsequent bracketed references will be to plaintiffs' first amended complaint [Doc. 35] unless otherwise noted.

protocols when responding to the accident [¶3], or WIRSING was overheard by investigators for the DA's office stating his opinion that the firefighters were injured in part because their own conduct and response to the accident violated safety protocols, for example, by driving a fire engine, then walking, directly on the chemical spill [¶44], and that these DA investigators then informed defendant BARRY of WIRSING's comments.  [¶44].

Plaintiffs alleged that WIRSING's comments were personally offensive to defendants [¶45], and that defendants have launched a campaign of harassment against plaintiffs in retaliation for WIRSING's comments.  [¶¶3, 44, 45, 74].

### C.    Allegations Against Defendant DDA Wold

Defendant KAREN WOLD ("DDA Wold") is a Deputy District Attorney for the County of Ventura.  [¶28].

Plaintiffs allege that DDA Wold undertook a strategy of intentionally concealing and withholding evidence for months after repeated discovery requests in a criminal case against SCWW, plaintiffs Dean Poe and David Wirsing, and others, in retaliation for certain SCWW employees asserting their Fifth Amendment rights. [¶¶28, 75, 76].

Specifically, plaintiffs allege that DDA Wold withheld a proper request for the employee personnel file of "Michael *Grindrod*" because the employee personnel file of "Michael *Grinrod*" was requested.  [¶77].  Plaintiffs allege that when the trial court inquired about this position taken by DDA Wold and Deputy District Attorney CHRIS HARMAN ("DDA Harman")[2], DDA HARMAN responded that the policy of the Ventura County District Attorney's Office was to construe California Penal Code section 1536 requests "strictly".  [¶77].  Plaintiffs allege that this response was after DDA Harman and DDA Wold had repeatedly represented to the trial court that

[2] Co-defendant HARMAN is represented in this action by Attorney Stephen Harber of McCune & Harber LLP.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

this employee personnel file either did not exist or could not be found.  [¶77].
Plaintiffs allege that the trial court and the Court of Appeal also made findings that
DDA Wold unreasonably withheld evidence and engaged in unreasonable conduct
with regard to this personnel file.  [¶¶15, 78].  Plaintiffs allege that on October 28,
2016, DDA Wold was removed from prosecuting the criminal case against plaintiffs
Dean Poe, Robert Wirsing, and others.  [¶¶13, 78].

Plaintiffs also allege that DDA Wold was one of the lead prosecutors from the
D.A.'s Office assigned to investigate the Accident, and directed and participated in
the investigation of the accident conducted by the DA's Office.  [¶28].  Plaintiffs
allege that on November 19, 2014, DDA Wold was present for the execution of a
search warrant at 2775 N. Ventura Rd., Suite 209, Oxnard, CA 93036, the Business
Office of Green Compass, Inc., SCWW's parent company.  [¶28].  Plaintiff further
allege that DDA Wold directed, authorized, and/or ratified the D.A. SWAT Team's
unlawful searches of the Poe and Wirsing Residences and the unlawful detentions of
each Plaintiff.  [¶¶28, 46, 56].

**3.      THE COURT SHOULD GRANT DEFENDANT DDA WOLD'S MOTION TO DISMISS PLAINTIFFS' FIRST, THIRD, FIFTH AND SEVENTH CAUSES OF ACTION FOR VIOLATION OF 42 U.S.C. §1983**

   **A.      DDA Wold Has Absolute Prosecutorial Immunity As To Plaintiffs' Claims Under 42 U.S.C. §1983**

"Prosecutors are… entitled to absolute immunity from section 1983 claims.
[citation]." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986), citing Imbler v.
Pachtman, 424 U.S. 409, 427, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976).

Prosecutors are absolutely immune from civil suits for damages under §1983
which challenge activities related to the initiation and presentation of criminal
prosecutions. Imbler, supra, 424 U.S. at 427; Ashelman, supra, 793 F.2d at 1075;
Gil v. Office of the DA, 2014 U.S. Dist. LEXIS 3392, *2 (E.D. Cal. Jan. 10, 2014).

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

"Prosecutorial immunity has developed along much the same lines as judicial immunity. Immunity extends to protect a prosecutor who acts within his or her authority and in a quasi-judicial capacity. [citation]." <u>Ashelman, supra</u>, 793 F.2d at 1076. "The primary policy of extending immunity to judges and to prosecutors is to ensure independent and disinterested judicial and prosecutorial decision making. [citations]." <u>Ashelman, supra</u>, 793 F.2d at 1078.

### 1. Function Test

"Determining whether a prosecutor's actions are immunized requires a functional analysis." <u>Gil, supra</u>, 2014 U.S. Dist. LEXIS 3392, at *2-3. "The focus is on the nature or function of the prosecutor's activity. [citation]." <u>Ashelman, supra,</u> 793 F.2d at 1076. "It is the prosecutor's burden to show that absolute immunity attaches to her performance of the functions in question. [citations]." <u>Ismail v. County of Orange</u>, 917 F. Supp. 2d 1060, 1068 (C.D. Cal. 2012).

"[I]n deciding whether to accord a prosecutor immunity from a civil suit for damages, a court must first determine whether a prosecutor has performed a quasi-judicial function. [citation]." <u>Broam v. Bogan</u>, 320 F.3d 1023, 1029 (9th Cir. 2003). "To determine whether the prosecutor is acting in the quasi-judicial capacity, the functional nature of the official's behavior that is being challenged is examined. [citation]." <u>Stevens v. Rifkin</u>, 608 F. Supp. 710, 728 (N.D. Cal. 1984). "[A] prosecuting attorney acting within the scope of his or her duties in initiating and prosecuting a state's criminal prosecution is absolutely immune from a civil suit for damages for deprivation of constitutional rights. [citation]." <u>Stevens,</u> supra, 608 F. Supp. 710, 728 (N.D. Cal. 1984); <u>Ashelman, supra</u>, 793 F.2d at 1076. "If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights. [citations]." <u>Broam, supra</u>, 320 F.3d at 1029.

///

///

1

2. **Absolute Immunity Extends To A Prosecutor's Decision To Withhold Evidence**

"A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under Brady v. Maryland, 373 U.S. 83, 87, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963).  It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages. [citations]."  Broam, supra, 320 F.3d at 1030.  "Plaintiff's § 1983 claim against [DA] Povah, which claim, as noted, is based on Povah's alleged failure to provide plaintiff with exculpatory evidence, is subject to dismissal for the additional reason that she is entitled to absolute immunity. [citation]."  Rodriguez v. Berryhill, 2014 U.S. Dist. LEXIS 15149, *4-5 (N.D. Cal. Feb. 4, 2014).  "[C]harges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. [citation]."  Gil, supra, 2014 U.S. Dist. LEXIS 3392, at *2-3.

Here, to the extent that plaintiffs allege that DDA Wold undertook a strategy of intentionally concealing and withholding evidence—specifically, the employee personnel file of Michael Grindrod-- for months after repeated discovery requests in the criminal case [¶¶28, 75, 76, 77, 85, 92, 129, 134, 165, and 181], her decision is subject to prosecutorial immunity.

3. **Malice And Conspiracy**

"The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. [citation]."  Gil, supra, 2014 U.S. Dist. LEXIS 3392, *2-3.  "Significantly, the prosecutor's intent plays no role in the immunity inquiry, [citations], so immunity extends, for example, even to the deliberate withholding of exculpatory information, [citation].  Likewise, absolute immunity extends to prosecutorial acts that involve malice, bad faith, or conspiracy, [citation]...."  Ismail, supra, 917 F.Supp. 2d at 1068.

"[I]mmunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.' [citations]." <u>Ashelman, supra</u>, 793 F.2d at 1075.  Likewise, "[a]llegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence. [citation]." <u>Ashelman, supra</u>, 793 F.2d at 1078.  "To foreclose immunity upon allegations that judicial and prosecutorial decisions were conditioned upon a conspiracy or bribery serves to defeat these policies. [citation]." <u>Ashelman, supra</u>, 793 F.2d at 1078.

Here, to the extent that plaintiffs allege that DDA Wold undertook a strategy of intentionally concealing and withholding evidence—specifically, the employee personnel file of Michael Grindrod-- for months after repeated discovery requests in the criminal case in retaliation for certain SCWW employees asserting their Fifth Amendment rights [¶¶28, 75, 76, 77, 85, 92, 129, 134, 165, and 181], her decision is still subject to prosecutorial immunity.

**B.    As An Agent Acting For The State, DDA Wold Also Has Sovereign Immunity Under The Eleventh Amendment As Against Plaintiffs' Federal Causes Of Action**

"[A] district attorney was a state official for purposes of § 1983 liability while acting in his prosecutorial capacity. [citation]." <u>Weiner v. San Diego County</u>, 210 F.3d 1025, 1028 (9th Cir. 2000).

"State law determines whether, for § 1983 purposes, a district attorney acts as a county official or state official when performing a particular function. [citation]. Under California law, a district attorney acts as a state official for purposes of §1983 liability, rather than a county official, when preparing to prosecute and while prosecuting crimes. [citation]." <u>Stoll v. County of Kern</u>, 2007 U.S. Dist. LEXIS 74888, *14 (E.D. Cal. Sept. 24, 2007) ("<u>Stoll I</u>").

"[W]hen preparing to prosecute and when prosecuting criminal violations of

1  state law, a district attorney represents the state and is not a policymaker for the

2  county." Pitts v. County of Kern, 17 Cal. 4th 340, 362 (1998).

3      "Whether Defendant Jagels is acting for the state in this capacity or the

4  county, he is dismissed from the suit, *because if he acts for the state, Eleventh*

5  *Amendment immunity applies*, [citations], and if he acts for the County, the County

6  is real party at issue here, since Defendant Jagels is sued in his official capacity."

7  Stoll v. County of Kern, 2008 U.S. Dist. LEXIS 86535, *15, n. 5 (E.D. Cal. Sept. 5,

8  2008) (emphasis added) ("Stoll II").

9      Here, plaintiffs' allegations that DDA Wold's conduct in concealing and

10  withholding evidence—specifically, the employee personnel file of Michael

11  Grindrod—arose during her prosecution of the criminal case against SCWW and

12  plaintiffs Dean Poe and Robert Wirsing [¶¶28, 75, 76, 77] while DDA Wold was

13  acting her capacity as an agent for the state.  Accordingly, DDA Wold also has

14  immunity under the Eleventh Amendment.

15  **C.    Even Assuming Arguendo That DDA Wold Was Acting As An**

16          **Agent For County, The Federal Causes Of Action Against Her**

17          **Should Be Dismissed As Improper And Redundant**

18      "A suit against an individual officer in his or her official capacity is 'only

19  another way of pleading an action against an entity of which an officer is an agent.'

20  [citation].  In other words, the real party in interest here is the entity for which Jagels

21  works.  [citation]." Stoll, supra, 2007 U.S. Dist. LEXIS 74888, at *13-14, citing

22  Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985);

23  see also: Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

24      "[A]n official-capacity suit is, in all respects other than name, to be treated as

25  a suit against the entity. [citation]." Graham, supra, 473 U.S. at 166.  "[T]he real

26  party in interest is the entity." Graham, supra, 473 U.S. at 166.  "Section 1983

27  claims against government officials in their official capacities are really suits against

28  the governmental employer because the employer must pay any damages awarded.

8

1  [citation]."  Butler v. Elle, 281 F.3d 1014, 1023, n. 8 (9th Cir. 2002).

2      "There is no longer a need to bring official-capacity actions against local

3  government officials, for under Monell, supra, local government units can be sued

4  directly for damages and injunctive or declaratory relief. [citations]."  Graham,

5  supra, 473 U.S. at 167, n. 14.  Thus, "if individuals are being sued in their official

6  capacity as municipal officials *and* the municipal entity itself is also being sued,

7  then the claims against the individuals are duplicative and should be dismissed.

8  [citation]."  Vance v. County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996)

9  (emphasis in original).  See also: Hillblom v. County of Fresno, 539 F. Supp. 2d

10  1192, 1203 (E.D. Cal. 2008).  "[I]t is no longer necessary or proper to name as a

11  defendant a particular local government officer acting in official capacity. To do so

12  only leads to a duplication of documents and pleadings, as well as wasted public

13  resources for increased attorney's fees. A plaintiff cannot elect which of the

14  defendant formats to use. If both are named, it is proper upon request for the Court

15  to dismiss the official-capacity officer, leaving the local government entity as the

16  correct defendant."   Luke v. Abbott, 954 F. Supp. 202, 204 (C.D. Cal. 1997).  See

17  also: Hillblom, supra, 539 F. Supp. 2d at 1203.

18      Here, even assuming arguendo that DDA Wold was acting as an agent for the

19  County in concealing and withholding evidence during her prosecution of the

20  criminal case against SCWW and plaintiffs Dean Poe and Robert Wirsing [¶¶28, 75,

21  76, 77], as plaintiffs have also brought suit against the County of Ventura in this

22  action, the official capacity claims against her are duplicative and redundant, and

23  subject to dismissal.

24      Accordingly, this Court should dismiss plaintiffs' First, Third, Fifth, and

25  Seventh causes of action for violation of 42 U.S.C. §1983 as against DDA Wold.[3]

26  _____

27  [3] Although plaintiffs' first and third causes of action for violation of 42 U.S.C.

28  §1983 initially state that they are not being asserted against DDA Wold [FAC, Doc.

## 4.     THE COURT SHOULD GRANT DEFENDANT DDA WOLD'S MOTION TO DISMISS ALL OF PLAINTIFFS' STATE LAW CLAIMS AGAINST HER

### A.     Common Law Judicial Immunity Extends To Prosecutors

"Judicial immunity is a principle of common law which is necessary for the welfare of the state and the peace and happiness of society. [Citations.]' [citation]." Bocanegra v. Jakubowski, 241 Cal.App.4th 848, 857 (2015).  "'It is well established judges are granted immunity from civil suit in the exercise of their judicial functions. [Citations.]" Bocanegra, supra, 241 Cal.App.4th at 857.  "This rule applies even where the judge's acts are alleged to have been done maliciously and corruptly. [Citations.]" Bocanegra, supra, 241 Cal.App.4th at 857.

"[O]fficials who are directly connected with the judicial processes are immune from civil liability while acting within the scope of their authority. [citations]." Wilson v. Sharp, 42 Cal.2d 675, 679 (1954). "[A] public prosecutor's functions called for action on his part sufficiently partaking of a judicial nature to render it imperative that the immunity extend to him." Norton v. Hoffmann, 34 Cal.App.2d 189, 198 (1939).  "The duties of a prosecuting officer are such as to clearly bring him within the class of public servants who by their official acts incur no civil liability." Pearson v. Reed, 6 Cal. App. 2d 277, 285 (1935).

"The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. [fn. omitted]." Imbler, supra, 424 U.S. at 423-424.  "The common-law rule of immunity is thus well settled." Imbler, supra, 424 U.S. at 424.  "Thus, it has been held almost universally that public prosecutors

---

35, 25:13, and 34:4], plaintiffs subsequently allege these causes of action against DDA Wold [FAC, Doc. 35, 25:15-16, 26:22, and 34:7].

1   are entitled to immunity. [citations]."  <u>White v. Towers</u>, 37 Cal.2d 727, 731 (1951).

2       "Under the concept of 'quasi-judicial immunity,' California courts have

3   extended absolute judicial immunity to persons other than judges if those persons

4   act in a judicial or quasi-judicial capacity…. "  <u>Howard v. Drapkin</u>, 222 Cal.App.3d

5   843, 852-853 (1990).  "[Q]uasi-judicial immunity from civil suits for acts performed

6   in the exercise of their duties has been given to... prosecutors [citations]…."

7   <u>Howard, supra</u>, 222 Cal.App.3d at 853.

8       "'Almost as venerable as immunity for judges is immunity for prosecutors.'

9   [citation].  'When a quasi-judicial officer, such as a prosecutor, acts within his

10  official capacity he, like a judicial officer, enjoys absolute immunity.' [citation]."

11  <u>Bocanegra, supra</u>, 241 Cal.App.4th at 857.

12      "The exemption of judicial or quasi-judicial officers from civil liability for

13  acts done in performance of their official duties has been established not primarily

14  for the protection of such officers, but as a settled rule of public policy for the

15  protection of the public, and the better assurance of fair and impartial administration

16  of justice, without fear or favor, in the protection of life and property."  <u>White v.</u>

17  <u>Brinkman</u>, 23 Cal.App.2d 307, 313 (1937).  "As with the reason for granting judicial

18  immunity, quasi-judicial immunity is given to promote uninhibited and independent

19  decision making.  [citation]."  <u>Howard, supra</u>, 222 Cal.App.3d at 853; <u>Bocanegra,</u>

20  <u>supra</u>, 241 Cal.App.4th at 857.

21      **B.    Common Law Judicial And Quasi-Judicial Immunity Is Unaffected**

22              **By The California Government Claims Act**

23      "We recognize that Government Code section 820, subdivision (a), enacted in

24  1963 as part of the Government Claims Act (Gov. Code, § 810 et seq.), provides

25  that '[e]xcept as otherwise provided by statute … , a public employee is liable for

26  injury caused by his act or omission to the same extent as a private person.'  It has

27  been held, however, that *the Government Claims Act was not intended to override*

28  *common law judicial immunity*. [citations].  It follows that it equally was not

1  intended to override common law quasi-judicial immunity. [citation]." <u>Bocanegra</u>,

2  <u>supra</u>, 241 Cal.App.4th at 857 (emphasis added).

3      **C.**    **Common Law Judicial And Quasi-Judicial Immunity Is Unaffected**

4            **By The Presence Of Malice**

5      "The immunity applies even despite malicious or corrupt conduct in the

6  exercise of jurisdiction." <u>White v. Brinkman, supra</u>, 23 Cal.App.2d at 313.

7      "District attorneys and public prosecutors are vested with certain quasi-

8  judicial powers; and in the official exercise of those powers they enjoy civil

9  immunity as fully as judges themselves, even though they act with evil motives or

10 corruptly." <u>White v. Brinkman, supra</u>, 23 Cal.App.2d at 313.

11     "No policy has been declared and maintained more firmly than the one which

12 preserves the independence and freedom of action of judicial and *quasi* -judicial

13 officers acting in official capacity.  The exemption runs as to liability for damages

14 resulting from official acts, although they be done without probable cause and with

15 malice." <u>Pearson, supra</u>, 6 Cal.App.2d at 280 (emphasis in original).

16     "A prosecutor is called upon to determine, upon evidence submitted to him,

17 whether a criminal offense has been committed by the person accused -- exactly the

18 same question that is presented to a court or jury upon trial. His decision is no less

19 judicial in character if it be erroneous or swayed by prejudice or malice. It does not

20 matter whether the evidence before him be much or little or whether he hears all or

21 only some of it. His authority to investigate the facts before acting is unlimited and

22 the matter rests in his own discretion. He is a quasi-judicial officer and he is also an

23 executive officer." <u>Pearson, supra</u>, 6 Cal.App.2d at 286.

24     Thus, plaintiffs' allegations that DDA Wold undertook a strategy of

25 intentionally concealing and withholding evidence for months after repeated

26 discovery requests in the underlying state court criminal case against SCWW, Dean

27 Poe, and Robert Wirsing [¶¶ 15, 76, 77, 78, 107, 114, 147, 152, 173, 189, 209, 215,

28 221 and 224], does not defeat this common law prosecutorial immunity.

### D. Common Law Quasi-Judicial Immunity Precludes All Of Plaintiffs' State Causes Of Action Against DDA Wold

"[I]n determining whether a person is acting in a quasi-judicial fashion, the courts look at 'the nature of the duty performed [to determine] whether it is a judicial act -- not the name or classification of the officer who performs it, and many who are properly classified as executive officers are invested with limited judicial powers.'  [citation]."  Howard, supra, 222 Cal.App.3d at 853.

"A prosecutor acts within his official capacity when his conduct is an '"integral part of the judicial process"' or 'intimately associated with the judicial phase of the criminal process.'  [citation]."  Falls v. Superior Court, 42 Cal. App. 4th 1031, 1043-1045 (1996); Bocanegra, supra, 241 Cal.App.4th at 858.

Here, plaintiffs' allegations that DDA Wold undertook a strategy of concealing and withholding evidence for months after repeated discovery requests in the underlying state court criminal case against SCWW, Dean Poe, and Robert Wirsing [¶¶ 76, 77, 107, 114, 147, 152, 173, 189, 209, 215, 221 and 224], was "intimately associated with the judicial phase of the criminal process".  A prosecutor's alleges suppression of evidence is subject to common law prosecutorial immunity.  "All of the following conduct has been held within the official capacity of a prosecutor and therefore immune: … *suppressing exculpatory evidence* [citation]."  Falls, supra, 42 Cal.App.4th at 1043-1045 (emphasis added).  See also: Bocanegra, supra, 241 Cal.App.4th at 858 ["Here, all of Jakubowski's alleged acts were part of the judicial process. Absolute prosecutorial immunity.... extends to claims based on the willful suppression of exculpatory information. [citation]."].

Accordingly, this Court should dismiss all of plaintiffs' state law claims (second, fourth[4], sixth, eighth, and eleventh through fourteenth causes of action)

_____

[4] Although plaintiffs' second and fourth causes of action for violation of California Civil Code §52.1 initially indicates that they are not being asserted against DDA

1  against defendant DDA Wold based upon prosecutorial immunity.

2  **5.      THE COURT SHOULD FURTHER GRANT DEFENDANT DDA**

3  **WOLD'S MOTION TO DISMISS PLAINTIFFS' CLAIMS THAT ARE**

4  **BASED ON CONCLUSORY ALLEGATIONS OF DIRECTION,**

5  **AUTHORIZATION, AND RATIFICATION**

6  "[T]he tenet that a court must accept as true all of the allegations contained in

7  a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements

8  of a cause of action, supported by mere conclusory statements, do not suffice.

9  [citation]." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868

10  (2009) ("Iqbal").

11  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

12  need detailed factual allegations, [citations], a plaintiff's obligation to provide the

13  'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

14  and a formulaic recitation of the elements of a cause of action will not do, see

15  Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on

16  a motion to dismiss, courts 'are not bound to accept as true a legal conclusion

17  couched as a factual allegation').   Factual allegations must be enough to raise a right

18  to relief above the speculative level…." Bell Atlantic Corp. v. Twombly, 550 U.S.

19  544, 555-556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("Twombly").

20  Plaintiffs' first, second, third, fourth, and eleventh causes of action all allege

21  that DDA Wold  "directed, authorized, and/or ratified the execution of the search

22  warrant" on the Wirsing Residence [FAC ¶¶86, 108, 130, 148, 210(d)] and the Poe

23  Residence.  [FAC ¶¶93, 115, 135, 153, 210(d)].  Plaintiff's fifth, sixth, seventh,

24  eighth, eleventh and fourteenth causes of action all allege that defendant DDA Wold

25  "directed, authorized and/or ratified the DA SWAT Team's conduct" [FAC ¶¶167,

26  _____

27  Wold [FAC, Doc. 35, 29:19, 38:4], plaintiffs subsequently alleges this causes of

28  action against DDA Wold [FAC, Doc. 35, 29:21-22, 31:13, 38:7].

1  175, 183, 191, 225] and "the detentions of the POE RESIDENCE PLAINTIFFS and

2  WIRSING…." [FAC ¶210(d)].

3       Plaintiffs' allegations that DDA Wold "directed, authorized, and/or ratified"

4  the executions of the search warrants and the conduct of the DA SWAT Team are

5  legal conclusions.  Plaintiffs have alleged no facts which tend to show that DDA

6  Wold took any action amounting to a direction, authorization, or ratification of the

7  alleged misconduct of other defendants.

8       The factual allegation that DDA Wold was "present" when the search warrant

9  for the business office of Green Compass Inc. was executed on November 19, 2014

10  [FAC ¶28], does not support the legal conclusions that DDA Wold directed,

11  authorized or ratified the execution of this search warrant, nor that DDA Wold

12  directed, authorized or ratified the execution of the subsequent search warrants for

13  the POE and WIRSING residences.

14       Further, the Court can take judicial notice of the search warrants for the POE

15  and WIRSING residences, which indicated that neither one was based on the

16  affidavit of DDA Wold.  [Exs. A through C, defendant DDA Wold's request for

17  judicial notice filed concurrently with this motion].

18       Plaintiffs have pled no factual allegations that plausibly support a theory that

19  DDA Wold directed, authorized, or ratified the alleged misconduct of the other

20  defendants.  To the extent that the causes of action in plaintiffs' first amended

21  complaint are based upon the allegations that DDA Wold directed, authorized or

22  ratified the alleged misconduct of the other defendants (plaintiffs' first through eight

23  causes of action, and the eleventh and fourteenth causes of action), they should be

24  dismissed.

25  ///

26  ///

27  ///

28  ///

**6.     CONCLUSION**

For the foregoing reasons, defendant DDA KAREN WOLD requests that this Court grant her motion to dismiss all causes of action in plaintiffs' first amended complaint which are alleged against her.

DATED:  December 19, 2016          **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____s/Angela M. Powell_____
Eugene P. Ramirez
Angela M. Powell
Attorneys for Defendants COUNTY OF VENTURA, DISTRICT ATTORNEY GREGORY TOTTEN, KAREN WOLD, JEFF BARRY, PAUL KRUEGER, RYAN HAMLIN, JOEY DE LOS REYES, ROBERT MACINNES, AND CHRIS BORKOVEC