PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
JAMES S. EICHER, JR. State Bar No. 213796
jeicher@lbaclaw.com
JONATHAN C. MAGNO, State Bar No. 306295
jmagno@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Sheriff Geoff Dean

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN POE, DANA POE, KYLE POE, KARLEE POE, KODY POE, NOAH MARTINEZ, and DAVID WIRSING,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF VENTURA, a local public entity; DISTRICT ATTORNEY GREGORY D. TOTTEN, DISTRICT ATTORNEY CHRIS HARMAN, DEPUTY DISTRICT ATTORNEY KAREN WOLD, DISTRICT ATTORNEY INVESTIGATOR JEFF BARRY, SHERIFF GEOFF DEAN, PAUL KRUEGER, RYAN HAMLIN, JOEY DE LOS REYES, ROBERT MACINNES, and CHRIS BORKOVEC in their individual and official capacities; and DOES 1-10, in their individual and official capacities,<br><br>Defendants. | Case No. CV 16-06083- RGK- SK<br><br>Honorable R. Gary Klausner<br><br>**DEFENDANT SHERIFF GEOFF DEAN'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, STRIKE PLAINTIFFS' SEVENTH AND EIGHTH CAUSES OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JONATHAN C. MAGNO IN SUPPORT THEREOF**<br><br>Date:  January 30, 2017<br>Time:  9:00 a.m.<br>Crtrm:  850<br><br>First Amended Complaint filed: November 8, 2016<br><br>*[[Proposed] Order lodged concurrently herewith]* |

1

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 30, 2017 at 9:00 a.m., in Courtroom 850 of the United States District Court located at 255 East Temple Street, Los Angeles, California 90012, Defendant Sheriff Geoff Dean ("Sheriff Dean") will and hereby does move this Court to grant his Motion for Judgment on the Pleadings as to the claims alleged against him in the First Amended Complaint ("FAC"), or, in the alternative, strike Plaintiffs' Seventh and Eighth Causes of Action.

The basis of the instant Motion for Judgment on the Pleadings is that Plaintiffs have improperly made allegations against Sheriff Dean that are duplicative, insufficient, and barred as a matter of law. First, Plaintiffs' allegations against Sheriff Dean in his official capacity are duplicative and unnecessary since the County of Ventura is also named as a Defendant. Second, Plaintiffs' allegations against Sheriff Dean in his individual capacity are insufficient and barred as a matter of law because: (1) Plaintiffs' 42 U.S.C. Section 1983 causes of action fail to allege that Sheriff Dean was personally involved in the searches of Plaintiffs; (2) the California state law causes of action are barred by California Government Code Section 820.8; and (3) Plaintiffs have improperly plead a cause of action for negligent infliction of emotional distress.

In the alternative, under Rule 12(f), Sheriff Dean requests the Court to strike Plaintiffs' Seventh and Eighth Causes of Action on the grounds that they are redundant and duplicative of Plaintiffs' Fifth and Sixth Causes of Action.

This Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings on file herein, and upon such further evidence as may be presented at or before the hearing. This Motion is being made following a good faith, but unsuccessful, attempt to informally resolve issues

pursuant to Local Rule 7-3.  (*See*, Declaration of Jonathan C. Magno and exhibits attached thereto.)

Dated:  December 29, 2016     LAWRENCE BEACH ALLEN & CHOI, PC

By  /s/ Jonathan C. Magno
    Jonathan C. Magno
    Attorneys for Defendant
    Sheriff Geoff Dean

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES. ........................................1

I. INTRODUCTION. ...................................................................................1

II. STANDARD ON MOTION FOR JUDGMENT ON THE PLEADINGS. ............................................................................................3

III. THE CAUSES OF ACTION AGAINST SHERIFF DEAN IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED BECAUSE THE COUNTY OF VENTURA IS ALSO NAMED AS A DEFENDANT. ...........................................................................................3

IV. PLAINTIFFS' INDIVIDUAL CAPACITY CLAIMS AGAINST SHERIFF DEAN SHOULD BE DISMISSED BECAUSE THEY ARE INSUFFICIENT AND BARRED AS A MATTER OF LAW. ............5

    A. Plaintiffs' 42 U.S.C. Section 1983 Causes Of Action Have Failed To Allege That Sheriff Dean Was Personally Responsible Or Involved In The Searches Of Plaintiffs. ................................................5

    B. Plaintiffs' State Causes Of Action Against Sheriff Dean Are Barred As A Matter Of Law Because Plaintiffs Failed To Allege That Sheriff Dean Was Personally Responsible Or Involved In The Searches Of Plaintiffs. ................................................7

    C. Plaintiffs' Negligent Infliction Of Emotional Distress Cause Of Action Is Improper Because It Is Not An Independent Tort. .............9

V. IN THE ALTERNATIVE, SHERIFF DEAN REQUESTS TO STRIKE PLAINTIFFS' REDUNDANT AND DUPLICATIVE CAUSES OF ACTION. ................................................................................9

VI. CONCLUSION. .....................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. City and Cnty. of Honolulu Police Dep't*,
  2007 WL 2915623 (D. Haw. 2007) ....................................................................5

*Bates v. Arata*,
  2008 WL 820578 (N.D. Cal. 2008) ..................................................................12

*Butler v. Elle*,
  281 F.3d 1014 (9th Cir. 2002) ...........................................................................4

*Butler v. Resurgence Financial, LLC*,
  521 F.Supp.2d 1093 (C.D. Cal. 2007) ...............................................................3

*Cannon v. City of Petaluma*,
  2012 WL 1183732 (N.D. Cal. 2012) ..................................................................8

*Carnell v. Grimm*,
  872 F.Supp. 746 (D. HI 1994) ............................................................................6

*City of St. Louis v. Praprotnik*,
  485 U.S. 112 (1988) ............................................................................................7

*Contreras, ex rel. Contreras v. County of Glenn*,
  725 F.Supp.2d 1157 (E.D. Cal. July 16, 2010) .................................................4

*E.J. v. United States*,
  2013 WL 6072867 (N.D. Cal. 2013) ................................................................14

*Engert v. Stanislaus Cty.*,
  2015 WL 3609315 (E.D. Cal. 2015) ................................................................13

*Ess v. Eskaton Properties, Inc.*,
  97 Cal.App.4th 120 (2002) ..............................................................................12

*Fetter v. Bonner*,
  2015 WL 164268 (E.D. Cal. 2015) ............................................................8, 11

*Geraci v. Homestreet Bank*,
 347 F.3d 749 (9th Cir. 2003) ............................................................................. 3
*Harmon v. Cty. Of Sacramento*,
 2016 WL 319232 (E.D. Cal. 2016) ............................................................ 10, 11
*Holden v. Target Corp.*,
 2016 WL 3938950 (N.D. Cal. 2016) ................................................................ 12
*In re Syntex Corp. Sec. Litig.*,
 95 F.3d 922 (9th Cir. 1996) .............................................................................. 3
*Johnson v. Duffy*,
 588 F.2d 740 (9th Cir. 1978) ......................................................................... 7, 8
*Kenney v. City of San Diego*,
 2014 WL 325157 (S.D. Cal. 2014) .................................................................. 11
*Kentucky v. Graham*,
 473 U.S. 159 (1985) ....................................................................................... 4, 5
*Leer v. Murphy*,
 844 F.2d 628 (9th Cir. 1988) ............................................................................. 7
*Luke v. Abbott*,
 954 F.Supp. 202 (C.D. Cal. 1997) ...................................................................... 5
*McRorie v. Shimoda*,
 795 F.2d 780 (9th Cir. 1986) ............................................................................. 8
*Mendez v. Montour*,
 2014 WL 1218665 (N.D. Cal. 2014) ................................................................ 11
*Milton v. Nelson*,
 527 F.2d 1158 (9th Cir. 1975) .......................................................................... 10
*Monell v. Dep't of Soc. Serv. of N.Y.*,
 436 U.S. 658 (1978) ........................................................................................... 7
*Nguyen v. CTS Elecs. Mfg. Sols. Inc.*,
 301 F.R.D. 337 (N.D. Cal. 2014) ..................................................................... 14

*Ogala v. Chevron Corp.*,
　2014 WL 2089901 (N.D. Cal. 2014)..................................................................13

*Patino v. Franklin Credit Mgmt. Corp.*,
　2016 WL 4549001 (N.D. Cal. 2016)..................................................................13

*Rau v. Mission Ranch Primary Care*,
　2013 WL 3199318 (E.D. Cal. 2013) ..................................................................14

*Rosas v. Baca*,
　2012 WL 933609 (C.D. Cal. 2012)......................................................................4

*Soffer v. City of Costa Mesa*,
　798 F.2d 361 (9th Cir. 1986)................................................................................6

*Stubblefield v. City of Novato*,
　2016 WL 192539 (N.D. Cal. 2016)....................................................................10

*Sun Savings and Loan Ass'n v. Dierdorff*,
　825 F.2d 187 (9th Cir. 1987)................................................................................3

*Taylor v. List*,
　880 F.2d 1040 (9th Cir. 1989).............................................................................7

*Vance v. Cnty. of Santa Clara*,
　928 F.Supp. 993 (N.D. Cal. 1996) .......................................................................5

*Varnado v. Midland Funding LLC*,
　43 F. Supp. 3d 985 (N.D. Cal. 2014) .................................................................13

*Whittlestone, Inc. v. Handi–Craft Co.*,
　618 F.3d 970 (9th Cir. 2010)..............................................................................14

*Zervas v. Dist. of Columbia*,
　817 F.Supp. 148 (D.D.C. 1993) ...........................................................................5

**Statutes**

42 U.S.C. Section 1983...............................................................................1, 5, 6, 7

California Civil Code Section 52.1...............................................................................1

California Government Code Section 820.8 ............................................2, 7, 8, 9

**Rules**

Federal Rule of Civil Procedure 12(b)(6)..............................................................3
Federal Rules of Civil Procedure, Rule 12(f).......................................................10

v

**MEMORANDUM OF POINTS AND AUTHORITIES.**

**I.      INTRODUCTION.**

As set forth in the FAC, on November 18, 2014, firefighters were injured while responding to an incident that took place at the Santa Clara Waste Water facility. (FAC at ¶ 2.) In the instant lawsuit, Plaintiffs allege that the County of Ventura and members of the Ventura County District Attorney's Office, including district attorney investigators, retaliated against Plaintiffs for their statements related to how the firefighters were injured by conducting unreasonable and excessive searches of their residences.

In August of 2015, arrest warrants were issued as to Plaintiffs Dean Poe and David Wirsing related to the November 18, 2014 incident. (FAC at ¶ 10.) Both Plaintiffs Dean Poe and David Wirsing made arrangements to surrender for booking and processing at the Ventura County Jail. (FAC at ¶ 10.) While being booked and processed at the Ventura County Jail, like other inmates, Plaintiffs Dean Poe and Wirsing were subject to a body cavity search. Plaintiffs allege that, while being processed, the searches were performed to retaliate against them for the statements made in 2014 regarding the incident. (SAC at ¶ 11.)

Sheriff Dean has been named as a Defendant, in both his official and individual capacities, based upon Plaintiffs' allegations that Sheriff Dean "directed, authorized, permitted, and/or ratified" the searches of Plaintiffs Dean Poe and Wirsing while they were being processed into the jail. (FAC at ¶ 30.)

Plaintiffs have brought numerous causes of action against Sheriff Dean under both Federal and California state law. First, Plaintiffs' federal causes of action against Sheriff Dean, based solely on the searches of Plaintiffs Dean Poe and Wirsing, are brought under 42 U.S.C. Section 1983 for unreasonable searches, excessive force, retaliation, and political discrimination. Second, Plaintiffs allege duplicative causes of action against Sheriff Dean for unreasonable search, excessive force, retaliation and political discrimination, but under California Civil Code

1

Section 52.1. Third, Plaintiffs have brought several tort claims against Sheriff Dean, in conjunction with the other Defendants, for assault, intentional infliction of emotional distress, and negligent infliction of emotional distress.

While Plaintiffs have put in their caption that Sheriff Dean is being named as a Defendant in both his individual and official capacities, the entirety of Plaintiffs' complaint is vague as to which causes of action attempt to hold Sheriff Dean liable beyond his official capacity. For instance, Plaintiffs' First, Second, Third, and Fourth Causes of Action state that "[Plaintiffs] allege this claim against those Defendants who imposed strip searches upon them, including but not limited to…Sheriff Dean in his **official capacity**…" (FAC at ¶¶ 100, 122, 141, and 159.) (Emphasis added.) However, in the heading of these causes of action, the allegations are labeled to be against each individual Defendant.

Plaintiffs' Fifth, Sixth, Seventh, and Eighth Causes of Action allege that Sheriff Dean "authorized and/or ratified" the jail employees' conduct and the searches. (FAC at ¶¶ 167, 175, 183, and 191.) However, since these allegations are vague, there is no indication as to whether these allegations against Sheriff Dean are brought in his official or individual capacities. This same concern relates to the Eleventh, Twelfth, and Thirteenth Causes of Actions, which are Plaintiffs' tort claims for assault, intentional infliction of emotional distress, and negligent infliction of emotional distress, respectively.

While Plaintiffs have failed to clearly articulate whether their causes of action against Sheriff Dean are alleged against him in his individual or official capacities, they should be dismissed with prejudice because they are insufficient and improper as a matter of law.

///
///
///
///

2

## II. STANDARD ON MOTION FOR JUDGMENT ON THE PLEADINGS.

"A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). It must appear beyond doubt that the plaintiffs can prove no set of facts in support of his claim which would entitle him to relief. *Sun Savings and Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987).

"The standard applied on a Rule 12(c) motion is essentially the same as that applied on motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Butler v. Resurgence Financial, LLC*, 521 F.Supp.2d 1093, 1095 (C.D. Cal. 2007). "Thus, the allegations of the non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the responding party." *Id*. "However, conclusory allegations of law and unwarranted inferences are insufficient" to defeat a motion for judgment on the pleadings. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

## III. THE CAUSES OF ACTION AGAINST SHERIFF DEAN IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED BECAUSE THE COUNTY OF VENTURA IS ALSO NAMED AS A DEFENDANT.

The suit against Sheriff Dean in his official capacity should be dismissed because the County of Ventura is also a named Defendant and, as a result, claims against Sheriff Dean are duplicative. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself"); *Butler v. Elle*, 281 F.3d 1014, 1023 n. 8 (9th Cir. 2002) ("Section 1983 claims against government officials in their official capacity are really suits against the government employer"); *Contreras, ex rel. Contreras v. County of Glenn*, 725 F.Supp.2d 1157, 1159 (E.D. Cal. July 16, 2010) (dismissing plaintiff's claim against the government officials in their official capacity, with prejudice, as redundant since

the government officials' employer, County of Glenn, is a named defendant); *Rosas v. Baca*, 2012 WL 933609 (C.D. Cal. 2012) (duplicative official capacity claims dismissed).

This rule also extends to claims for injunctive relief. *Kentucky*, 473 U.S. at 167 n. 14 ("There is no longer a need to bring official-capacity actions against local government officials . . . local government units can be sued directly for damages and injunctive or declaratory relief."); *Alexander v. City and Cnty. of Honolulu Police Dep't*, 2007 WL 2915623 *at 4 (D. Haw. 2007) (dismissing claim against county official in his official capacity and noting that any injunctive relief sought from the county official was not independent of the injunctive relief sought from the county); *Zervas v. Dist. of Columbia*, 817 F.Supp. 148, 151 (D.D.C. 1993) (dismissing government officials named in their official capacity where municipality was a named defendant and that any relief granted against the municipality would be binding as to the officials).

Likewise, the Ninth Circuit has consistently held that duplicative and "redundant" official capacity claims against individual defendants are appropriately dismissed as a matter of law. *See*, *Luke v. Abbott*, 954 F.Supp. 202 (C.D. Cal. 1997); *Vance v. Cnty. of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996); *Carnell v. Grimm*, 872 F.Supp. 746 (D. HI 1994) (duplicate official capacity claim dismissed); *see also*, *Soffer v. City of Costa Mesa*, 798 F.2d 361 (9th Cir. 1986) ("[S]uit may be brought directly against a local governmental unit, rendering suit against the individuals unnecessary unless they are sued in their personal capacity").

For the foregoing reasons, the causes of action against Sheriff Dean in his official capacity should be dismissed.

///
///
///
///

## IV. PLAINTIFFS' INDIVIDUAL CAPACITY CLAIMS AGAINST SHERIFF DEAN SHOULD BE DISMISSED BECAUSE THEY ARE INSUFFICIENT AND BARRED AS A MATTER OF LAW.

### A. Plaintiffs' 42 U.S.C. Section 1983 Causes Of Action Have Failed To Allege That Sheriff Dean Was Personally Responsible Or Involved In The Searches Of Plaintiffs.

Under 42 U.S.C. Section 1983 ("Section 1983"), the basis of Plaintiffs' federal causes of action against Defendant Sheriff Dean, there is no vicarious liability pursuant to a theory of respondeat superior. *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 692-94 (1978); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988). Individual liability for damages pursuant to a Section 1983 claim must be predicated upon **personal responsibility**. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Specifically, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which is he legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Thus, Plaintiffs must allege that Sheriff Dean acted personally to cause the alleged constitutional deprivation, either by "**personal participation** in the deprivation," or "by **setting in motion** a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d at 743-44 (emphasis added); *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986); *Fetter v. Bonner*, 2015 WL 164268, at *2 (E.D. Cal. 2015) (claims that the sheriff "condoned the [unconstitutional]

activities" failed to plausibly allege that the sheriff violated plaintiff's constitutional rights in his individual capacity); *Cannon v. City of Petaluma*, 2012 WL 1183732, at *7 (N.D. Cal. 2012) ("vague and conclusory assertions of wrongdoings as to 'defendants' are insufficient to support the allegation that [the sheriff]…personally violated [plaintiff's] constitutional rights").

Here, while it is unclear whether the allegations against Sheriff Dean are pled outside his official capacity, based upon the vague allegations made in Plaintiffs' causes of action, Plaintiffs' FAC could be viewed as bringing claims against Sheriff Dean in his individual capacity. Even if the Section 1983 claims are brought against Sheriff Dean in his individual capacity, however, Plaintiffs fail to specifically allege an affirmative act personally performed by Sheriff Dean to hold him responsible in such capacity. Specifically, Plaintiffs' causes of action against Sheriff Dean are based upon the vague and conclusory allegations that he, "directed, authorized, permitted, and/or ratified the unlawful strip and visual cavity searches of Plaintiffs [Dean Poe and Wirsing], and others by personnel at the Jail." (FAC at ¶ 30.) Based upon Plaintiffs' own allegations, it is unclear whether Sheriff Dean was aware of the searches until after they took place.

Further, Plaintiffs fail to allege that Sheriff Dean was present or personally involved in the searches of Dean Poe and Wirsing. There are no allegations as to what Sheriff Dean personally did, or did not do, to cause the harm alleged by Plaintiffs. Based upon the facts alleged, there is no indication how Sheriff Dean personally violated any of Plaintiffs' rights. The purely conclusory assertion that each and every Defendant "acted together with an intent to retaliate" against them is insufficient; moreover, there are no allegations which indiciate whether Sheriff Dean was aware of Plaintiffs being booked at the Ventura jail or even the "accident" that occurred on November 18, 2014. (FAC at ¶ 74.)

For the foregoing reasons, the Section 1983 causes of action against Sheriff Dean in his individual capacity should be dismissed.

### B. Plaintiffs' State Causes Of Action Against Sheriff Dean Are Barred As A Matter Of Law Because Plaintiffs Failed To Allege That Sheriff Dean Was Personally Responsible Or Involved In The Searches Of Plaintiffs.

Plaintiffs additionally pled duplicative California state law causes of action, which mirror the Section 1983 causes of actions discussed above, and several tort claims against Sheriff Dean. Primarily, for similar reasons expressed above, Plaintiffs' vague and conclusory allegations against Sheriff Dean under California law are barred as a matter of law.

Specifically, Plaintiffs' state causes of action against Sheriff Dean are barred pursuant to California Government Code Section 820.8 ("Section 820.8"), which states:

> Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

California's intention in enacting Section 820.8 was to "nullify certain cases holding public officials vicariously liable for the torts of their subordinates." *Stubblefield v. City of Novato*, 2016 WL 192539, at *8 (N.D. Cal. 2016). In other words, Sheriff Dean is not vicariously liable for the acts of his subordinates under California law. *Milton v. Nelson*, 527 F.2d 1158, 1159 (9th Cir. 1975); *Harmon v. Cty. Of Sacramento*, 2016 WL 319232, at *11 (E.D. Cal. 2016). District Courts in California have consistently held that when a sheriff was not personally involved in creating a plaintiff's injuries they are immune under Section 820.8 because they are not individually responsible for their fellow officer's actions. *Harmon v. Cty. of Sacramento*, 2016 WL 319232, at *11 (E.D. Cal. 2016); *Fetter*

7

*v. Bonner*, 2015 WL 164268, at *6 (E.D. Cal. 2015); *Mendez v. Montour*, 2014 WL 1218665, at *4 (N.D. Cal. 2014).

As stated above, Plaintiffs rely on vague and conclusory allegations to assert that Sheriff Dean "directed, authorized, permitted, and/or ratified" the searches of Plaintiffs while they were being processed in the jail. (FAC at ¶ 30.) However, Plaintiffs do not allege that Sheriff Dean was personally involved in the searches of Plaintiffs. Therefore, Plaintiffs are inappropriately seeking to hold Sheriff Dean liable in his individual capacity based solely on his official supervisory role. *See Kenney v. City of San Diego*, 2014 WL 325157, at *9 (S.D. Cal. 2014) (motion to dismiss was granted pursuant to Section 820.8 because plaintiff sought to hold officials liable based solely on their capacity as supervisors).

Additionally, even if Section 820.8 was not applicable to Sheriff Dean, Plaintiffs' tort causes of action against Sheriff Dean are still insufficient as a matter of law. Specifically, Plaintiffs' Eleventh Cause of Action for Assault and Twelfth Cause of Action for Intentional Infliction of Emotional Distress are improper as to Sheriff Dean because Plaintiffs do not allege his personal involvement in the searches. *Bates v. Arata*, 2008 WL 820578, at *23 (N.D. Cal. 2008). Plaintiffs are not able to allege that Sheriff Dean should be held individually liable for intentional torts for conduct that was performed by third-party individuals. *Ibid*.

For the foregoing reasons, Plaintiffs' state law causes of action against Sheriff Dean should be dismissed.

///
///
///
///

### C. Plaintiffs' Negligent Infliction Of Emotional Distress Cause Of Action Is Improper Because It Is Not An Independent Tort.

Plaintiffs' Thirteenth Cause of Action is improper. Even though Plaintiffs' Thirteenth Cause of Action should be dismissed for the reasons expressed above, additionally, in California, there is no independent tort for negligent infliction of emotional distress. *Ess v. Eskaton Properties, Inc.*, 97 Cal.App.4th 120, 126 (2002); *Holden v. Target Corp.*, 2016 WL 3938950, at *3 (N.D. Cal. 2016). The Ninth Circuit, in turn, has held that negligent infliction of emotional distress is not an independent tort. *Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 990 (N.D. Cal. 2014); P*atino v. Franklin Credit Mgmt. Corp.*, 2016 WL 4549001, at *5 (N.D. Cal. 2016).

Even if Plaintiffs plead emotional distress damages under a negligence tort, any such allegations against Sheriff Dean would be barred by Section 820.8. *Engert v. Stanislaus Cty.*, 2015 WL 3609315, at *22 (E.D. Cal. 2015). However, since Plaintiffs have not brought a cause of action for negligence, as a matter of law, they cannot allege that Sheriff Dean negligently caused them emotional distress. *Ogala v. Chevron Corp.*, 2014 WL 2089901, at *6 (N.D. Cal. 2014).

For the foregoing reasons, Sheriff Dean should be dismissed in the Thirteenth Cause of Action.

## V. IN THE ALTERNATIVE, SHERIFF DEAN REQUESTS TO STRIKE PLAINTIFFS' REDUNDANT AND DUPLICATIVE CAUSES OF ACTION.

Plaintiffs have brought causes of action that are entirely redundant and duplicative. Specifically, the Fifth Cause of Action for Retaliation is duplicative of the Seventh Cause of Action for "Political Discrimination" and, in turn, the Sixth Cause of Action is duplicative of the Eighth Cause of Action. These causes of action are redundant and wholly improper, and, pursuant to Federal Rules of Civil

Procedure, Rule 12(f), Sheriff Dean requests the Court to strike Plaintiffs' Seventh and Eight Causes of Action.

Fed. R. Civ. P. Rule 12(f) provides in pertinent part, "Upon motion made by a party before responding to a pleading…the court may strike from a pleading an insufficient defense or any **redundant**, immaterial, impertinent, or scandalous matter." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (emphasis added). The Court should strike duplicative claims in order to avoid potential confusion to a jury and to prevent the possibility of double recovery for the same alleged conduct. *E.J. v. United States*, 2013 WL 6072867, at *4 (N.D. Cal. 2013). Duplicative allegations in multiple causes of action can rise to the level of redundancy and should be stricken. *Rau v. Mission Ranch Primary Care*, 2013 WL 3199318, at * 5-6 (E.D. Cal. 2013) (court granted defendants' motion to strike because multiple claims contained the same allegations that were based on the same violation of California public policy); *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 338-45 (N.D. Cal. 2014) (motion to strike granted because plaintiffs brought duplicative and repetitive causes of action based on the same alleged violation of public policy).

Here, Plaintiffs' Fifth Cause of Action contains, almost verbatim, the same allegations as Plaintiffs' Seventh Cause of Action. The only distinguishable language in these causes of action is the title that Plaintiffs have attributed to these allegations (i.e., the Fifth Cause of Action is for "Retaliation" while the Seventh Cause of Action is for "Political Discrimination"). Plaintiffs' Sixth and Eighth Causes of Action, which are duplicates of the Fifth and Seventh Causes of Action, but under California state law, only differ in their title as well. These causes of action rely on the same constitutional and California Civil Code violations, and, for that reason, the duplicative causes of action should be stricken as being redundant.

For the foregoing reasons, Sheriff Dean requests that the Court strike the Seventh and Eighth Causes of Action against Sheriff Dean from the Plaintiffs' FAC.

## VI. CONCLUSION.

For each and all of the foregoing reasons, Defendant Sheriff Geoff Dean respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint in its entirety against him with prejudice, or, in the alternative, strike Plaintiffs' Seventh and Eighth Causes of Action.

Dated: December 29, 2016      LAWRENCE BEACH ALLEN & CHOI, PC

By     /s/ Jonathan C. Magno
       Jonathan C. Magno
       Attorneys for Defendant
       Sheriff Geoff Dean